UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| WENDY TOWNER; FRANCISCO AGUILERA; NICK MACFARLAND; JUSTIN BATES; BRYNN OTA-MATTHEWS; GABRIELLA GAUS; HARRY DE LA VEGA; BARBARA V. AGUIRRE; ALBERTO ROMERO; BARBARA J. AGUIRRE; ~~LESLEY SANCHEZ~~, a minor, by and through her Guardian ad Litem, Diana Galindo; and ~~LESLIE ANDRES~~, a minor, by and through her Guardian ad Litem, Laura Rodriguez, <br><br>**Plaintiffs,**<br><br>v.<br><br>CENTURY ARMS, INC., and ROMARM, S.A.,<br><br>**Defendants.** | Civil Action No. 2:22-cv-145<br><br>Jury trial requested |

### SECOND EX PARTE MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT

Plaintiffs hereby respectfully move the Court for an extension of time, under Fed. R. Civ. P. 4(m), within which to serve Defendant Century Arms, Inc.[1] The reason for this request is simple, and—although Defendant Century Arms has not yet been served and has thus not appeared—counsel for Century Arms and Plaintiffs have discussed this request, and counsel for Century Arms supports the requested relief.

---

[1] Two sets of plaintiffs have brought the same allegations and claims against Century Arms in separate lawsuits, 1) the Towner Plaintiffs (Wendy Towner, Francisco Aguilera, Nick MacFarland, Justin Bates, Brynn Ota-Matthews, Gabriella Gaus, Harry De La Vega, Barbara V. Aguirre, Alberto Romero, Barbara J. Aguirre, Leslie Andres, and Leslie Sanchez) and 2) the Salazar Plaintiffs (Juan Salazar, Lorena Salazar, Keyla Salazar, Lyann Salazar, Eduardo Ponce, and Dasha Pimentel). This motion is on behalf of the Towner Plaintiffs, and an identical request is being submitted on behalf of the Salazar Plaintiffs in their case. Also, Plaintiffs intend to amend at a later point to remove the foreign defendant Romarm, S.A.

Plaintiffs filed a similar motion on October 24, 2022 (Document No. 2) which the Court granted on October 25, 2022 (Document No. 3). The current time to serve under the Court's prior order is February 16, 2023.

The basis for the Plaintiffs' prior request for an extension of time to serve the complaint was that a court in California was set to hear a dispositive issue that could make it not necessary to proceed here in this case. The court in California had scheduled a hearing on the dispositive issue for January 17, 2023. The case has been reassigned to a different judge in California, who rescheduled the hearing for May 25, 2023.

Plaintiffs recognize that this new service deadline would extend the time for service much longer than originally anticipated—indeed, seven additional months total—but maintain that the additional time for service is in everyone's interest.

## BACKGROUND

Plaintiffs have sued Defendant Century Arms in state court in California on the same claims as here. *Towner et al. v. Century Arms, Inc.*, C.A. No. 19CV358256 (Calif. Super., Santa Clara Cnty.). Plaintiffs sued Century Arms in California, as that is where the injury occurred, and there are other pending claims against other defendants arising out of the same series of events.

Century Arms has not yet appeared in that California case, instead objecting on grounds of lack of personal jurisdiction. The Plaintiffs and Century Arms have been engaged in personal jurisdiction discovery over the last year and had a date set for a hearing on whether the California court can exercise its jurisdiction over Century Arms, which was scheduled for January 17, 2023. That hearing date has now been moved to May 25, 2023. The issue of whether the California court has jurisdiction over Century Arms and whether that case will proceed against them will thus be decided soon after May 25, 2023.

in Vermont while the fate of their claims in California remains challenged by Century Arms, Plaintiffs filed this case prophylactically to preserve the claims here in Vermont should the California court ultimately decide not to exercise its jurisdiction over Century Arms.

In the interest of judicial economy and reducing the burden on all parties, extending the time to serve Defendant Century Arms in this case will allow for the California court to reach a decision on whether the claims will proceed there or not. If proceedings go forward in California, Plaintiffs will likely dismiss this case. If they do not, Plaintiffs will then serve the complaint in this case.

In either instance, there is no pressing need for the parties or the Court to expend their resources until that time—soon after May 23, 2023. We propose a service deadline of June 23, 2023 to allow 30 days for service after the California court's decision on personal jurisdiction.

Respectfully submitted,

POWERS & POWERS P.C.

_____
Adam L. Powers Esq.
1205 Three Mile Bridge Road
Middlebury, Vermont 05753
802-388-2211
adam@powerslawvt.com

BRADY

_____
Philip Bangle (pro hac vice to be applied for)
840 First Street NE
Suite 400
Washington, DC 20002
202-370-8111
pbangle@bradyunited.org

---

later point to remove the foreign defendant Romarm, S.A.