THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT
CIVIL DIVISION

| | |
|---|---|
| WENDY TOWNER; et al., <br><br> Plaintiff, <br><br> v. <br><br> CENTURY ARMS, INC., and ROMARM, S.A., <br><br> Defendants. | C.A. No. 2:22-cv-145 <br><br> *ORAL ARGUMENT REQUESTED* |

## NOTICE OF MOTION

COMES NOW Defendant Century Arms, Inc., by and through its undersigned counsel, and brings this Motion for Reconsideration of the Order dated December 3, 2024, which denied Century's motion to dismiss, or, in the alternative, for leave to appeal the interlocutory order pursuant to 28 U.S.C. § 1292(b) and/or for a stay pending the United States Supreme Court's decision in Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.  In support of same, Defendant Century respectfully states as follows:

1. This lawsuit arises out of the criminal misuse of a rifle.  On July 28, 2019, after legally purchasing a semi-automatic rifle ("Rifle") weeks earlier in Nevada, an individual unlawfully transported the rifle into California, criminally bypassed security at the Gilroy Garlic Festival, and intentionally killed three people and injured others.  Plaintiffs have commenced this lawsuit against Century, the importer of the rifle utilized by the shooter, and seek to hold Century responsible for the shooter's criminal conduct.

2. Defendant filed a motion to dismiss, which was denied without oral argument on December 3, 2024.

3.      *First*, in accordance with Local Rule 7.01(c), Defendant files this motion for reconsideration within fourteen days of that Order, and Defendant respectfully contends that the motion should be granted because there are controlling decisions of law that were overlooked and there is a need to correct a clear error and prevent manifest injustice. Specifically, Defendant contends that the Order should be reconsidered because (1) the Court did not consider the Supreme Court precedent in Twitter, Inc. v. Taamneh, 98 U.S. 471 (2023), which addresses the concepts of proximate cause and aiding and abetting; (2) Nevada law must apply to the claims because there is no allegation of an unlawful sale in Nevada to the shooter; (3) the Court failed to address the product liability exception to the PLCAA, 15 U.S.C. § 7903(5)(A)(v); (4) the Court failed to cite or rely on Ninth Circuit precedent in Ileto v. Glock, Inc., 565 F.3d 1126 (9th Cir. 2009), which was decided *after* the PLCAA was enacted and dismissed the common law claims for public nuisance and negligence under California law; (5) the predicate exception to the PLCAA cannot apply because there is no allegation of a knowing violation of a firearm statute by Century; (6) the Court's reliance on National Pork Producers Council v. Ross, 598 U.S. 356 (2023), is incorrect because that case involved a law that was seeking to regulate conduct occurring solely within California's borders; and (7) 14 V.S.A. § 1492(e) is not ambiguous and applies to preclude Plaintiffs' wrongful death claims.

4.      *Second,* in the alternative, given the significant legal issues at hand, including the fact that the PLCAA requires qualified civil liability actions to be immediately dismissed, Defendant respectfully seeks leave for interlocutory appeal under 28 U.S.C. § 1292(b).

5.      *Third,* in the alternative, Defendant respectfully requests that this matter be stayed pending the United States Supreme Court's decision in Smith & Wesson Brands, et al. v. Estados Unidos Mexicanos, which is currently pending and is reviewing the First Circuit decision upon

which this Court heavily relied.

6. This motion is supported by a Memorandum in Support, which is attached and incorporated by reference.

7. Defendant respectfully requests oral argument pursuant to Local Rule 7(a)(6).

WHEREFORE, based on the foregoing arguments and authorities, as well as the memorandum attached in support, Defendant respectfully requests that its motion for reconsideration be granted and that Plaintiffs' lawsuit against Defendant Century Arms, Inc. be dismissed with prejudice. Alternatively, Defendant respectfully requests that the Court grant leave to appeal this ruling and/or stay the case pending a decision by the United States Supreme Court in in Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.

Dated: December 17, 2024

        By: s/*Andrew D. Manitsky*
        Andrew D. Manitsky, Esq.
        MANITSKY LAW, PLLC
        38 Pebble Beach Rd, Suite 1
        Colchester, VT 05446
        (802) 999-7150
        amanitsky@manitskylaw.com

        and

        By: *s/Danny C. Lallis*
        Anthony M. Pisciotti (Pro Hac Vice)
        Danny C. Lallis (Pro Hac Vice)
        Ryan L. Erdreich (Pro Hac Vice)
        PISCIOTTI LALLIS ERDREICH
        30A Vreeland Road, Suite 300
        Florham Park, New Jersey 07932
        apisciotti@pisciotti.com
        dlallis@pisciotti.com
        rerdreich@pisciotti.com

        **Attorneys for Defendant Century Arms, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed using the Court's ECF/CM website, which should transmit a copy to all registered users and that a copy of the foregoing has been served upon the following persons by electronic mail and by United States First Class Mail, postage prepaid, and electronic mail, this 17th day of December 2024.

Adam L. Powers
POWERS & POWERS, P.C.
1205 Three Mile Bridge Road
Middlebury, Vermont 05753
(802) 388-2211
adam@powerslawvt.com

Philip Bangle
BRADY
840 First Street NE
Suite 400
Washington, DC 20002
(202) 370-8111
pbangle@bradyunited.org

By: *s/Danny C. Lallis*
Danny C. Lallis
dlallis@pisciotti.com